### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **ROBERT LEE TORRES,** | ) | |
| **ID # 48809-177** | ) | |
| **Movant,** | ) | |
| | ) | |
| **vs.** | ) | **No. 3:16-CV-1823-L (BH)** |
| | ) | **No. 3:14-CR-0393-L** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge** |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion Under 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (doc. 1), received on June 26, 2016, should be **DENIED** with prejudice.

## I.  BACKGROUND

Robert Lee Torres (Movant) challenges his federal conviction and sentence in Cause No. 3:14-CR-393-L.  The respondent is the United States of America (Government).

### A.    Plea and Sentencing

On October 8, 2014, Movant was charged by indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  (*See* doc. 1.)[1]  He pled guilty on January 13, 2015.  (*See* doc. 18.)  On April 9, 2015, the United States Probation Office (USPO) filed a Presentence Report (PSR) in which it applied the 2014 United States Sentencing Guidelines Manual (USSG), and it filed an addendum to the PSR on May 4, 2015.  (*See* doc. 25-1 at 5, ¶ 19; doc. 28-1.) Because Movant had two prior felony convictions for a controlled substance or a crime of violence

---

[1]   Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:14-CR-393-L.

offense, the PSR calculated a base offense level under USSG § 2K2.1(a)(2) of 24. (*See id.* ¶ 20.) It added four levels under USSG § 2K2.1(b)(6)(B) because he used or possessed a firearm during the commission of another felony. (*See* doc. 28-1 at 2, ¶ 21.) Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 25. (*See id.* at 2-3, ¶¶ 27-29.) With a criminal history category of five, the resulting guideline range was 100-125 months of imprisonment. (*See id.* at 4, ¶ 108.) On July 20, 2015, Movant was sentenced to 104 months' imprisonment. (*See* doc. 36 at 2.) He did not appeal.

**B.**    **Substantive Claims**

Movant raises the following grounds:

(1) The enhancement under USSG § 2K2.1 was invalid in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015);

(2) The prior conviction for assault, Cause No. 1076858, was improperly used for enhancement under USSG § 2K2.1, because the PSR stated that attorney representation in that case was unknown;

(3) Counsel was ineffective for allowing the uncounseled assault conviction to be used for enhancement.

(3:16-CV-1823-L, docs. 6 at 8, 11; 17 at 3.)

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III. *JOHNSON*

Movant contends that his assault conviction should not have been used as an enhancement under USSG § 2K2.1 because that sentencing guideline relied on a residual clause that was found to be unconstitutionally vague under *Johnson v. United States*, 135 S.Ct. 2551 (2015).

In *Johnson*, the Supreme Court held that the imposition of an increased sentenced under the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), (2)(B) (regarding a prior conviction that "otherwise involves conduct that presents a serious potential risk of physical injury to another"), violates the Constitution's guarantee of due process because the residual clause is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. The holding of *Johnson* is retroactively available on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016).

Movant was not sentenced under the ACCA, but he contends that the residual clause of a sentencing guideline is unconstitutional in light of *Johnson*. *Johnson* does not apply to the

sentencing guidelines, and the Supreme Court has found that they are not subject to a vagueness challenge under the Due Process Clause. *Beckles v. United States*, 137 S.Ct. 886, 895 (2017); *see also United States v. Rodriguez-Lopez*, 697 F. App'x 304 (5th Cir. 2017) (under *Beckles*, *Johnson* does not apply to a claim regarding the use of prior convictions to increase criminal history points as crimes of violence under a sentencing guideline residual clause). Movant is not entitled to relief on his claim.

## IV. LACK OF COUNSEL

Movant contends that the PSR states that attorney representation in the prior assault conviction was unknown. (*See* doc. 6 at 11-12.) He asserts that he did not have counsel in that case, and he was not advised of his right to counsel. (*See* doc. 17 at 4.)

A defendant may collaterally attack at trial a prior conviction used for sentencing purposes if the prior conviction was obtained in violation of his constitutional right to counsel. *See United States v. Martinez-Mier*, 566 F. App'x 328, 329 (5th Cir. 2014) (citing *Custis v. United States*, 511 U.S. 485, 487, 496 (1994). The defendant has the burden of proving that the prior conviction was constitutionally invalid by showing that he did not have counsel and he did not waive the right to counsel. *See id.* (defendant has the burden to prove that the prior conviction was in violation of the right to counse); *see also Iowa v. Tovar*, 541 U.S. 77, 92 (2004) (defendant has the burden to prove that he did not competently and intelligently waive the right to counsel).

Here, the PSR did not state that Movant was not represented by counsel, only that attorney representation was unknown. Movant has not shown that he was not represented by counsel in the assault conviction, and that if he was unrepresented, he did not competently and intelligently waive the right to counsel.

## V.  INEFFECTIVE ASSISTANCE OF COUNSEL

Movant contends that counsel was ineffective for allowing his sentence to be enhanced with the prior assault conviction.

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense."  U.S. Const. art. VI.  It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985).  To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense.  *Id.* at 687.  A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective.  *Id*. at 696.  The Court may address the prongs in any order.  *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689.  "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions."  *Id.* at 691. To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id*. at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair).

Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, a petitioner must demonstrate that the alleged deficiency of counsel created a reasonable probability that his or her sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

Here, as discussed, Movant has not shown that his prior assault conviction was obtained in violation of his right to counsel. He has therefore not shown that counsel was ineffective for failing to investigate or challenge the prior conviction on that basis.

## VI.  RECOMMENDATION

The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SIGNED on this 7th day of May, 2018.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

        A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

7