IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ROBERT LEE TORRES, # 48809-177,** | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:16-CV-1823-L-BH** |
| | § | Criminal Case No. 3:14-CR-393-L(01) |
| **UNITED STATES OF AMERICA**, | § | |
| | § | |
| Respondent. | § | |

# ORDER

On May 7, 2018, United States Magistrate Judge Irma Carrillo Ramirez entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report"), recommending that the court deny Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 and dismiss with prejudice this action because: (1) the holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015), does not apply and the sentencing guidelines are not subject to a vagueness challenge; (2) Petitioner "has not shown that he was not represented by counsel in his assault conviction, and that if he was unrepresented, he did not competently and intelligently waive"; and (3) Petitioner "has not shown that his prior assault conviction was obtained in violation of his right to counsel. He has, therefore, not shown that counsel was ineffective for failing to investigate or challenge the prior conviction on that basis." Report 3, 4, 6. Based on the holding in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), Petitioner objects to the Report with respect to magistrate judge's first finding and recommendation, and stands by his previous arguments with respect to the magistrate judge's remaining findings and recommendations.

After considering the motion, file, record in this case, and Report, and conducting a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. The court, therefore, **overrules** Petitioner's objections, **denies** the Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255, and **dismisses with prejudice** this action.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the Report filed in this case. In the event a notice of appeal if filed, Petitioner must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

**(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

**(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**It is so ordered** this 6th day of July, 2018.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge